IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON

| | |
|---|---|
| **STEVEN HOEKE,** | Case No.: |
| **PLAINTIFF,** | |
| vs. | **COMPLAINT** |
| **EQUIFAX INFORMATION SERVICES, LLC,** a Georgia limited liability company, | **JURY TRIAL DEMAND** |
| **CAPITAL ONE AUTO FINANCE, INC.,** a division of **CAPITAL ONE, N.A.,** | |
| **DEFENDANTS.** | |

NOW COMES THE PLAINTIFF, STEVEN HOEKE, BY AND THROUGH COUNSEL, KEN OKORIE, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Southern District of Texas Galveston Division as the Defendants conduct business in the State of Texas.

## PARTIES

4. Plaintiff is a natural person residing in League City, Galveston County, Texas.

5. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax"), a Georgia limited liability company that conducts business in the State of Texas, and may be served with process through its Registered Agent, Corporation Service Company at 211 E. 7th Street Suite 620 Austin, TX 78701.

    b. Capital One Auto Finance, Inc., a division of Capital One, N.A. ("Capital One") is a foreign corporation that conducts business in the State of Texas, and may be served with process through its Registered Agent, Corporation Service Company at 100 Shockoe Slip 2nd Floor Richmond, VA 23219.

## GENERAL ALLEGATIONS

6. Capital One is inaccurately reporting its tradeline ("Errant Tradeline") on Plaintiff's Equifax credit disclosure with an erroneous monthly payment of $175.

7. The account reflected by the Errant Tradeline is charged off and closed. Capital One accelerated the payment schedule and closed the account. Plaintiff no longer has an obligation to make monthly payments.

8. On October 4, 2018, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment of $175.

9. On or about November 9, 2018, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

10. In his dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline was charged off and Plaintiff no longer has an obligation to make monthly payments. He asked Equifax to report the monthly payment as $0.

11. Equifax forwarded Plaintiff's consumer dispute to the Capital One. Capital One received Plaintiff's consumer dispute from Equifax.

12. Plaintiff had not received Equifax's investigation results. Therefore, on January 1, 2019, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and Capital One failed or refused to report the monthly payment as $0.

13. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also

experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

14. Plaintiff realleges the above paragraphs as if recited verbatim.
15. After being informed by Equifax of Plaintiff's consumer dispute of the monthly payment, Capital One negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).
16. Capital One negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax to report the monthly payment amount as $0.
17. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

18. As a direct and proximate cause of Capital One negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. Capital One is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Plaintiff has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

   **WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Capital One for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the monthly payment amount as $0.

23. Capital One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Capital One willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Capital One is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

28. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

29. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

30. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

35. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

36. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

37. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual

damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 8, 2019

> By: */s/ Ken Okorie*
> Ken Okorie
> (TBN: 15241730)
> Okorie & Associates
> 12003 Merewood Ln
> Houston, TX 77071-2413
> Email: mellanby@me.com
> Telephone: (713) 778-0000
> Fax: (713) 778-0000
> Attorneys for Plaintiff,
> Steven Hoeke